UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:15 CR 49 CDP / DDN |
| NIHAD ROSIC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DETENTION ORDER**

On March 10, 20, and 31, 2015, defendant Nihad Rosic came before the court with counsel on the motion of the United States that defendant Rosic be detained under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, esp. § 3142.   (Doc. 7.)

Defendant Nihad Rosic is charged by indictment:

(1)      in Count 1 with conspiring with 5 co-defendants to provide material support to terrorists, in violation of 18 U.S.C. § 2339A;

(2)      in Count 2 with the 5 others with knowingly providing material support, in the form of money and physical items, during August and September 2013, knowing and intending that this support was to be used to carry out a conspiracy to commit the offenses of murder or maiming at places outside the United States, in violation of § 2339A; and

(3)      in Count 3 with knowingly providing material supplies and resources, knowing this support was to be used to carry out a conspiracy to commit murder and maiming at locations outside the United States, also in violation of § 2339A.

Specifically, the indictment alleges defendant Rosic contributed his personal money to support Abdullah Ramo Pazara and others who were fighting in Syria, Iraq, and elsewhere; spoke with co-defendant Ramiz Hodzic about the actual fighting and killing outside the United States by persons who were supported by the money he contributed; transferred $500.00 to a co-defendant's financial account on April 15, 2014; and on July 20, 2014, attempted to board a flight from New York City to travel to Syria to join

Abdullah Ramo Pazara and others who were fighting in support of foreign terrorist organizations.   The court is advised that the maximum statutory penalties upon conviction for the charged offenses include imprisonment for not more than 15 years on Count 1, life imprisonment on Count 2, and imprisonment for not more than 15 years on Count 3.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether or not defendant Rosic should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (quoting United States v. Orta, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).   Congress has prescribed that on the issue of detention or release before trial that defendant retains the presumption of innocence.   18 U.S.C. § 3142(j).

Nevertheless, the government's case is aided by a statutory, rebuttable presumption. The Bail Reform Act provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed -- . . . an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed.

18 U.S.C. § 3142(e)(3)(C).    Section 2339A, under which defendant is charged, carries a statutory maximum penalty that includes imprisonment for 15 years on Counts 1 and 3 and life imprisonment on Count 2 because the alleged acts resulted in death.   Therefore, the grand jury's finding of probable cause in its return of the indictment creates the statutory, rebuttable presumption.

In response to the presumption, the burden is upon defendant Rosic to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee.   United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003).   If he produces such evidence, the statutory presumption does not entirely disappear.   Rather, the court must consider Congress's finding that violators of 18 U.S.C. § 2339A pose special risks of flight and danger to the community.   Id

The parties have not objected to the statement of facts set forth in the written report of the Pretrial Services Office, Doc. 62.   Therefore, the court hereby adopts and incorporates by reference into this Detention Order the facts set forth in that report.   Also before the court are Government Exhibits 1, 2, 2a, and 3, and Defendant Exhibits 1, 2, 3, and 4, which were received into evidence without objection.   Further, the court has received the oral arguments of counsel for both parties.

From the record described above, the court finds that defendant Nihad Rosic is 27 years of age.   He was born in Bosnia and came to the United States in 2001 at age 13 with his family.   His father's relatives reside in St. Louis.   However, within a short time after arriving in St. Louis, he moved to Utica, New York, where his paramour and their two children reside.   In December 2014 or January 2015, defendant purchased his parents' home in Utica, because his parents were having financial difficulties.   After his arrest in this case, his paramour and the children moved in with her aunt in Utica.   Three of defendant's siblings reside in Utica; one brother is incarcerated for stealing.

Defendant Rosic is a naturalized United States citizen.   He has a valid passport. He twice attempted to travel outside the United States.   The indictment alleges he attempted to fly from the United States to join Ramo Pazara to fight in support of a foreign terrorist organization.   Defendant stated to the Pretrial Services Officer that he tried to travel to Bosnia and Turkey on another occasion to consider whether to build a house for himself and his family on property his father owns in Bosnia.

Defendant has been gainfully employed for five years as a truck driver.    He has purchased his own truck and trailer.    Four years ago, he quit employment as a professional mixed martial arts fighter.

In 2012, defendant Rosic was arrested for misdemeanor third degree assault.    In February 2013 he was sentenced to 60 days shock incarceration and 3 years probation. While on probation, in August 2013, defendant was sentenced to one year in jail; he was released on June 30, 2014.   Defendant owns two hunting rifles.   There is an outstanding arrest warrant in this district for his failure to appear on a speeding charge.   Defendant is reported to have used an alias name and different dates of birth.

The documentary evidence submitted by the government indicates that defendant Rosic used the alias Yahya AbuAyesha Mudzahid when using his FaceBook account to communicate directly with Abdullah Ramo Pazara many times between April 22, 2014 and May 19, 2014.   These exhibits indicate that defendant knew and supported Pazara's fighting and killing individuals; that he told Pazara he could not wait to join Pazara in the fighting; that he had a plan to fly to Turkey in June 2014, which had to be rescheduled to July 20, 2014; that defendant knew of another person with fighting experience who would also travel there; one photograph is of defendant Rosic with a sighted rifle; and another photograph indicates a fully equipped rifle.   (Gov. Exs. 1, 2, and 2a.)

Government Exhibit 3 comprises police records of the third degree assault charge, referred to above, brought by defendant's paramour on October 19, 2012, in Utica, New York.   The record indicates that he struck her four or five times with a belt in a dispute over whether she could have perfume because it contained alcohol.   She pressed charges and he was charged with assault third degree (a class A misdemeanor) and first degree aggravated criminal contempt (by violating a December 2011 Utica City Court order of protection).   On February 28, 2013, defendant was sentenced to a period of probation. He violated the conditions of probation by failing to report on July 15, 2013, and by relocating to New York without prior approval of the Probation Office.   The facts indicated that on July 1, 2013, he requested permission to relocate to New York City,

stating falsely to the state Probation Office that he planned to move there on August 9, 2013.   The investigation indicated he had already relocated there in early July 2013.   For these violations of conditions of probation release, he was sentenced to a year's imprisonment.   (Gov. Ex. 3.)

Defendant has provided the court with the signatures of 25 individuals, apparently including the signature of defendant's paramour, all agreeing to the same typed paragraph of information about defendant's character.   This paragraph states, generally, that defendant is pleasant not only toward the general public, but also to his family; that his religious faith and practice are a source of strength for him; and that he often made donations to people in need.   (Def. Exs. 1-4, filed under seal.)

Counsel for defendant proffered to the court that defendant's paramour is supportive of him, that defendant's family would relocate to St. Louis, that his mother would serve as third-party custodian for defendant, that defendant and his family could reside here, and that he had the prospect of employment with his family in this area.

## Statutory Presumption for Detention

The court has given very careful consideration to whether or not defendant Nihad Rosic has rebutted the statutory presumption that a defendant with his charges is to be detained.   "In a presumption case such as this, a defendant bears a limited burden of production--not a burden of persuasion--to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight."   United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (quoting United States v. Mercedes, 254 F.3d 433, 436 (8th Cir. 2001)).   As stated above, if defendant rebuts the presumption, the presumption remains a relevant factor when considering the issues of potential flight and dangerousness.   Id.

Facts successfully rebutting the presumption can include community and family support for the defendant, willingness of others to be third-party custodians, and the availability of substantial financial assets as security.   Id. at 798.   Similar facts and other

5

factors, *i.e.* a minor criminal record, willingness to relocate to this the charging district, and close family members residing in this district, may under certain circumstances favor defendant.

Danger to the Community and Risk of Flight

Relevant to whether defendant would be a danger to the community are his prior criminal history, the nature of the offenses charged in the indictment, and other indicia of dangerousness.   The record before this court indicates that defendant Rosic has a substantial criminal history, even if it is not lengthy.   This criminal history describes a person able to engage in violence, even against the mother of his children.   After being placed on probation, he violated his conditions of probation release by failing to make a required report, by lying to his probation officer about when he intended to relocate to New York City, and by relocating without permission.

The nature of the charges against defendant are very serious and Congress considers them so.   The grand jury in this district found probable cause to believe that defendant transferred $500.00 to support terrorist fighters outside the United States, and that defendant engaged in direct action by attempting to fly to Syria in July 2014 to join Pazara in the violent activity that § 2339A was intended to stop.    This was an attempt not only to leave the United States but also his family.

The undersigned concludes from the record before it, that defendant has used an alias identity, has a history of failing to appear in court, has violated prior conditions of probation release in substantial ways that include being untruthful, has ties outside the United States, is charged by the instant indictment with activity that involves violence, owns firearms, has used the internet to facilitate his support of illegal activity, and had planned to leave the United States in furtherance of the alleged criminal conspiracy.

For these reasons, whether or not defendant Nihad Rosic has rebutted the statutory presumption for detention, the court finds by clear and convincing evidence that the release

6

of defendant Nihad Rosic upon his own recognizance, an unsecured appearance bond, or any condition or combination of conditions of release will not reasonably assure the court that he will appear in court as required and will not endanger the community.   18 U.S.C. § 3142(b), (c).

For these reasons,

**IT IS HEREBY ORDERED** that the motion of the United States that defendant Nihad Rosic be detained (Doc. 7) is sustained.  Defendant Rosic is committed to the custody of the Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel and with defense counsel's retained investigator, paralegal, language interpreter, or other retained expert consultant.

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____**/S/    David D. Noce**_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 14, 2015.

7