UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) No.  4:15 CR 0049 CDP (DDN) |
| NIHAD ROSIC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ROSIC'S REQUEST FOR DISCLOSURE OF EXCULPATORY EVIDENCE UNDER THE CLASSIFIED INFORMATION PROCEDURES ACT AND MEMORANDUM OF LAW**

Comes now Defendant NIHAD ROSIC, by and through counsel, and for his Request for Disclosure of Exculpatory Evidence Under the Classified Information Procedures Act, states as follows:

1. Defendant believes he has received all unclassified discovery in this case. However, as the Government advised in its Motion for a Pretrial Conference Pursuant to the Classified Information Procedures Act (CIPA)(Doc. 180), the provisions of this Act are applicable to the instant case.

2. Owing to various issues raised regarding the Defendants' Joint Motions to Dismiss, all of which have been "traditional" Pretrial Motions and, all of which have now been denied, the Court has not yet taken up the Government's Motion (Doc. 180).

3. Mr. Rosic is the lone-remaining Defendant who has not yet committed to a change of plea.

4. Defendant Rosic has, this day, filed a Waiver Filing Any Additional Pretrial Motions (Doc. 516).

5. Defendant Rosic has been continuously detained since his arrest on February 6, 2015, now aggregating 1,520 days (4 years, 2 months).

6. Defendant Rosic does hereby request the disclosure of the following specific documents and/or information under the Classified Information Protection Act, as follows:

(a) Any and all third party confession(s) and/or statement(s), implicating Mr. Rosic or exculpating Mr. Rosic;

(b) Any financial payments made to any third party who made confession(s) and/or statement(s) concerning Mr. Rosic;

(c) Complete information relating to any personal animosity, bias or hostility on the part of any third party who made a confession(s) and/or statement(s) against Mr. Rosic;

(d) Complete information relating to any personal animosity, bias or hostility on the part of a potential Government witness against Mr. Rosic;

(e) The name of any witness who made an arguably favorable statement concerning Mr. Rosic or who could not identify him or who was unsure of his identity, or participation in the crimes charged in the Indictment;

(f) Complete information relating to any occasion in which a potential government witness in providing information as to Mr. Rosic has:

   (i) given a false statement under oath;

   (ii) signed a false affidavit, declaration, or other document;

   (iii) made a false or misleading statement or failed to disclose material information to any law enforcement agent, court, prosecutor, pretrial services, probation or other parole officer or other government official; and/or

   (iv) requested, solicited, or induced any other person to do these acts.

(g) Complete information relating to any occasion in which a potential

government witness in providing information as to Mr. Rosic has:

    (i)    bribed or attempted to bribe any potential witness in a government investigation or court proceeding;

    (ii)    threatened or intimidated any potential witness in a government investigation or court proceeding;

    (iii)    obstructed or endeavored to obstruct justice in a government investigation or court proceeding; and/or

    (iv)    requested, solicited, or induced any other person to do these acts.

7. The above matters raised are material to the defense of Defendant Rosic and, in light of the passage of time since the issuance of the Indictment, as well as his continued detention, it is imperative that this matter be addressed in the foreseeable future as opposed to awaiting the receipt of *Brady* materials immediately prior to trial.

8. That undersigned counsel has personally discussed the filing of the instant Motion with Assistant United States Attorney Matthew Drake.

## **MEMORANDUM OF LAW**

The Supreme Court has held that a prosecutor has a duty to disclose material information that is favorable to the defense. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). As *Brady* notes, the government's failure to disclose favorable evidence violates due process, irrespective of the good faith or bad faith of the prosecution. *Id.* An essential question under *Brady* is the issue of materiality which was addressed by the Court in *United States v. Bagley*, 473 U.S. 667, 682 (1985) which held that

> "[t]he evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."

In *Giglio v. United States,* 405 U.S. 150, 154, (1972), the Supreme Court concluded that its holding in *Brady* applied to impeachable material, finding that "[w]hen the reliability of a

3

given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within *Brady*."

The Eighth Circuit in *United States v. Hayes*, 557 F.3d 938, 942 (8th Cir. 2009) held

> ". . . . impeachment of a witness involves evidence that calls into question the witness's veracity.  It deals with 'matters like the bias or interest of a witness, his or her capacity to observe an event in issue, or a prior statement of the witness inconsistent with his or her current testimony.'"

Further, in *Hayes*, the Court found that exculpatory and impeachment evidence, both falling under *Brady*, are not constitutionally different from one another regarding the government's failure to disclose.  *Id*. at 676-677; *see also United States v. Ruiz*, 536 U.S. 622 (2002).

Evidence is material under *Brady* if it creates "a 'reasonable probability' of a different result."  *Kyles v. Whitley*, 514 U.S. 419 434 (1995).  "A reasonable probability does not mean that the defendant 'would more likely than not have received a different verdict with the evidence,' only that the likelihood of a different result is great enough to undermine  [ ] confidence in the outcome of the trial.  *Smith v. Cain*, 565 U.S. 73, 76 ((2012)(*quoting Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

Since *Brady*, the United States Supreme Court has placed a firm obligation on the government to safeguard a defendant's constitutional rights.  This requires the government to turn over material exculpatory impeachment evidence bearing on an informant's credibility.  *Giglio v. United States*, 405 U.S. 150, 154 (1972).

In order to provide Counsel with a full opportunity to prepare a defense, and to avoid needless delays in attempting to schedule a reasonable trial date, or at trial, request is made that the Government make immediate disclosure of all exculpatory evidence described in this Motion.

Respectfully submitted,

/S/ *JoANN TROG*
JoANN TROG            42725MO
Attorney for Defendant Rosic
121 West Adams Avenue
St. Louis, Missouri 63122
Telephone:  (314) 821-1111
Facsimile:  (314) 821-9798
E-Mail:     Jtrogmwb@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Matthew Drake, Howard J. Marcus, Kenneth R. Tihen, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, St. Louis, Missouri and Joshua D. Champagne, Trial Attorney for the Department of Justice, National Security Division, Counterterrorism Section, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

/S/ *JoANN TROG*